IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK 24-40267 |
| | ) | |
| ALDEN H. ZUHLKE and | ) | Chapter 7 |
| LISA A. ZUHLKE, | ) | |
| | ) | |
| Debtors. | ) | |

**Order For Turnover and Authorizing the Trustee to Dissolve LLCs**

THIS MATTER is before the court on the Chapter 7 trustee's motion for an order authorizing him to liquidate vehicles owned by LLCs owned by the debtors Alden and Lisa Zuhlke (Doc. #195), and for turnover of the vehicles (Doc. #196). Philip Kelly, Chapter 7 trustee, appeared. Brad Easland appeared for the debtors. No parties in interest objected to the motion. The court set the matter for hearing to address the powers of the trustee over the property. For the reasons stated below, the trustee is empowered to sell property of the estate under 11 U.S.C. § 363. He is authorized to dissolve the debtors' LLCs and to wind up their business under Nebraska law. He is entitled to turnover of the vehicles. But he is not authorized to liquidate or sell under § 363 of the Bankruptcy Code any assets which are not property of the debtors' bankruptcy estate.

**Findings of Fact**

Mr. Kelly is the Chapter 7 trustee of the bankruptcy estate of the debtors Alden and Lisa Zuhlke. In his motion, the trustee asserts the debtors are the sole members of Joysprings Properties, LLC. He asserts Alden Zuhlke is the sole member of Diamond Z Farms, LLC. Both entities are member-managed Nebraska limited liability companies. Neither LLC is a debtor in this or any other bankruptcy case.

According to the evidence offered at the hearing, Joysprings is not owned by the debtors. Joysprings was formed on December 27, 2021. On January 31, 2023, the debtors transferred their interest in Joysprings to their son, Christian Zuhlke.[1] And, Diamond Z Farms, LLC does not own all the vehicles the trustee seeks to sell. Diamond Z Farms, LLC was formed December 26, 2017. Before the debtors formed Diamond Z Farms, LLC, they did business as Diamond Z Farms. They purchased vehicles under the dba before the LLC was formed.

---

[1] The LLCs corporate records regarding the transfer conflict with the debtors' bankruptcy schedules. According to the schedules, the debtors own 50% of Joysprings. (Doc. #23; Doc. #88).

Motor vehicle title records were received into evidence. All vehicles are free of liens. According to the title records, Joysprings Properties, LLC owns:

| No. | Vehicle | VIN | Date Title Issued |
|---|---|---|---|
| 1. | 2018 PJ Trailer FD302 | xxx1826 | 1/31/2022 |
| 2. | 1998 Exiss Gooseneck Trailer | xxx3472 | 2/26/2023 |
| 3. | 2015 H&H Trailer | xxx7437 | 1/31/2022 |
| 4. | 2016 Honda Odyssey | xxx1875 | 1/10/2022 |
| 5. | 2012 Dodge Ram 1500 | xxx4226 | 1/31/2022 |
| 6. | 2008 Dodge Ram 2500 | xxx1778 | 2/16/2022 |
| 7. | 2015 Honda Odyssey | xxx2681 | 3/30/2026 |

Diamond Z Farms, LLC owns[2]:

| | | | |
|---|---|---|---|
| 8. | 2013 Ram 3500 | xxx5082 | 12/14/2021 |

Several vehicles are titled in one or both debtors or in "Diamond Z Farms" and the debtors. The title to the following vehicles were originally issued before Diamond Z Farms, LLC was formed.

| | | | |
|---|---|---|---|
| 9. | 2006 Ram Truck 1500 | xxx7181 | 6/13/2007 |
| 10. | 2010 Dodge Ram 2500 | xxx0307 | 9/30/2010 |
| 11. | 2003 Peterbilt Conventional | xxx7727 | 4/22/2010 |
| 12. | 1980 Ford F600 | xxx0149 | 9/5/1995 |
| 13. | 1985 Ford F150 | xxx1898 | 2/27/1997 |
| 14. | 2010 Palomino T829VFK | xxx1780 | 7/20/2021 |
| 15. | 1982 Yamaha XS1100 | xxx4014 | 3/29/1985 |
| 16 | 2006 Dodge Ram 2500 | xxx0673 | 11/20/2006 |

On May 28, 2025, the trustee filed an adversary proceeding against several defendants, including the debtors, Joysprings, Diamond Z Farms, LLC, and Christian Zuhlke.[3] In the complaint, the trustee asserted the debtors fraudulently transferred vehicles to Joysprings, specifically Vehicles #1 through 6.[4] In the complaint the trustee also asserted the debtors fraudulently transferred Joysprings to Christian. Joysprings and Christian did not answer the complaint. The court entered default judgment, avoiding all the alleged transfers. According to the judgment, which the debtors' attorney approved as to form, "The Trustee may levy

---

[2] In their affidavit the debtors admit, "Diamond Z Farms, LLC only owns 1 vehicle, it is a 2013 Ram Diesel."

[3] Diamond Z Farms, LLC, is listed as a defendant in the complaint, but the complaint does not appear to state a claim for relief against it.

[4] Joysprings acquired the 2015 Honda Odyssey, VIN xxx2681 after the adversary proceeding was filed. The complaint also included a vehicle not listed in the trustee's motion: a 2004 silver Featherlite stock trailer, VIN xxx1618.

on, attach, and sell for the benefit of the estate the property described in the First and Third Causes of Action in paragraphs 64 and 123 of the Trustee's Complaint," which includes Vehicles #1 through 6.

## Conclusions of Law

*Most of the Vehicles are Property of the Debtor's Estate*

The trustee's motion to liquidate the LLCs and to sell their individual assets largely appears unnecessary.[5] The trustee avoided the transfers of Vehicles #1 through 6 in the adversary proceeding against Joysprings and Christian. Avoided transfers are avoided "for the benefit of the estate." *See* 11 U.S.C. § 550(a). And the judgment order expressly authorizes the trustee to sell the vehicles for the benefit of the estate.

Vehicles #9 through 16, titled in "Diamond Z Farms," have always been property of the debtors' bankruptcy estate. The vehicles are not owned by Diamond Z Farms, LLC because the LLC is not listed on the vehicle titles. Nebraska law is clear and unambiguous. No person "shall acquire any right, title, claim, or interest in or to such vehicle until the acquiring person has had delivered to him or her physical possession of such vehicle and ... a certificate of title[.]" Neb. Rev. Stat. § 60-140(1). And "[n]o court shall recognize the right, title, claim, or interest of any person in or to a vehicle, for which a certificate of title has been issued . . . unless there is compliance with this section." *Id*. § 60-140(2). "This statutory scheme is the exclusive means of transferring title." *Wolfson Car Leasing Co. v. Weberg*, 264 N.W.2d 178, 182 (Neb. 1978). Vehicles #9 through 16 are titled in one or both debtors or in "Diamond Z Farms" and the debtors. The vehicles were all titled before the entity was formed. The debtors admit Diamond Z Farms was a dba of the debtors when the vehicles were purchased and titled. Therefore, the vehicles are property of the estate under 11 U.S.C. § 541.

Rather than a motion to sell property of non-debtor entities, the trustee should file a motion to sell Vehicles #1 through 6, and 9 through 16 as property of the estate under 11 U.S.C. § 363(b). Any sale under the motion as drafted does not provide the trustee and the buyer(s) the protections afforded under the Bankruptcy Code. For example, the purchaser will not receive the protection of § 363(m). It is, therefore, in the best interests of the estate for the trustee to file a new motion seeking to sell these vehicles under § 363.

*Dissolution*

The trustee, standing in the shoes of the LLCs members, is authorized to dissolve and wind up the LLCs. The trustee has authority to liquidate property of the

---

[5] Because all but two of the vehicles are already property of the estate, the trustee should consider whether the cost to dissolve and wind up the LLCs is worth more than the vehicles.

bankruptcy estate. The debtors' membership interests in the LLCs are property of the debtors' estate.[6] Under Nebraska law a member's interest in a limited liability company is personal property and is transferable. Neb. Rev. Stat. §§ 21-140, 21-141; *Benjamin v. Bierman*, 943 N.W.2d 283, 290-91 (Neb. 2020). A bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As transferable personal property, the interests are property of the estate.

Because the membership interests are property of the estate, the trustee can exercise the rights of a member. Where a debtor is the sole member of a limited liability company, the Chapter 7 trustee succeeds to the full bundle of rights, including the right to control the entity.[7] *In re Albright*, 291 B.R. 538, 541 (Bankr. D. Colo. 2003); *Fursman v. Ulrich (In re First Protection, Inc.)*, 440 B.R. 821, 830 (B.A.P. 9th Cir. 2010); *Schwartzer v. Cleveland (In re Cleveland)*, 519 B.R. 304, 306-07 (D. Nev. 2014); *In re B & M Land & Livestock, LLC*, 498 B.R. 262, 267 (Bankr. D. Nev. 2013).[8]

The right to control the entity includes the right to dissolve it and wind up. *See* Neb. Rev. Stat. § 21-147(a)(2) (authorizing dissolution by consent of all members); *Id.* § 21-148 (addressing winding up). But to the extent the trustee acts as a member, he is exercising the LLC's powers under Nebraska law, not powers under 11 U.S.C. § 363. Therefore, the trustee must fully comply with Nebraska law governing dissolution and winding up. He cannot simply transfer the LLCs' assets or the proceeds of the sales of the assets to the bankruptcy estate as his motion appears to

---

[6] The debtors assert Joysprings was transferred to Christian. But the basis for the trustee's authority over Joysprings is the same as over the vehicles Joysprings owns, 11 U.S.C § 550. The judgment avoided not only the transfer of the vehicles to Joysprings, but also the transfer of Joysprings to Christian.

[7] The office of manager is not a transferable property interest, but even in a manager managed LLC, the members rights include the right to select the manager. *See* Neb. Rev. Stat. § 21-136.

[8] The trustee argues the debtors were dissociated from the LLCs on the petition date under Neb. Rev. Stat. § 21-145(7)(A) and the governance rights are therefore vested in the trustee. The conclusion does not follow from the premise. And the premise, if accepted, defeats the trustee's motion. Under Nebraska law a dissociated member's "right to participate as a member in the management and conduct of the company's activities terminates." *Bierman*, 943 N.W.2d at 290. What passes to the successor is a limited set of rights that "primarily consist of the right to have access to records[.]" *Id.* The premise violates the Bankruptcy Code. Under the Code, "[a]n interest of the debtor in property becomes property of the estate . . . notwithstanding any provision in . . . applicable nonbankruptcy law . . . that is conditioned on . . . the commencement of a case under this title" and "that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." 11 U.S.C. § 541(c)(1)(B). Under § 541(c)(1)(B), the debtors' membership interests passed to the estate without dissociation because § 21-145(7)(A) cannot operate. And accepting the premise, if § 21-145(7)(A) was effective, the trustee would hold only the "limited set of rights" identified in *Bierman*.

request. He must wind up the LLCs' activities, with actual notice to the LLCs' known creditors and publication for unknown creditors.[9] And he must first discharge the LLCs' debts. He may distribute to the estate, as a member of the LLC, only what remains. *See* Neb. Rev. Stat. § 21-148.[10]

**Conclusion**

The Chapter 7 trustee is authorized, acting as the sole member of the LLCs, to dissolve Joysprings Properties LLC and Diamond Z Farms LLC, and to sell their assets under Nebraska law as part of the winding up.

Vehicles #1 through 6 and 9 through 16 are all property of the debtors' bankruptcy estate. The trustee may seek to sell them but must file a new motion under 11 U.S.C. § 363.

Alden and Lisa Zuhlke, Christian Zuhlke, Joysprings Properties, LLC, and Diamond Z Farms LLC are ordered to turn all vehicles over to the trustee. If they do not comply, the trustee may seek additional relief, including sanctions.

Any other requested relief not addressed in this order is denied.

Dated: August 18, 2026

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Chief United States Bankruptcy Judge

---

[9] In his brief, the trustee asserts creditors are protected in a liquidation because Nebraska law "requires publication of a notice of dissolution that allows creditors of the Companies to present their claims." *See* Neb. Rev. Stat. § 21-150. But § 21-150 does not address claims known to the LLC. Known claims are covered by § 21-149. Under § 21-149 the LLC must notify known claimants directly "in a record" stating a claims process. Under § 21-150 a claimant who did not receive notice "in a record" has up to five years to assert a claim against the LLC and the liquidating members.

[10] Because the trustee is acting as a member under state law, this order does not address, and leaves for another day, whether the trustee could incur liability under state law resulting from an improper winding up of the LLCs or improper distribution to the bankruptcy estate. *See* Neb. Rev. Stat. §§ 21-134 and -135.